UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORYCE WILSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>　　　　　Defendant. | Case No. 21-cv-01270-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 16 |

　　　　Pending before the Court is Defendant Mercedes-Benz USA, LLC's ("Mercedes-Benz's") motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Docket No. 16 ("Mot."). Mercedes-Benz argues that the Court should dismiss Plaintiff Doryce Wilson's complaint because she is subject to the settlement agreement in *Amin v. Mercedes-Benz USA, LLC et al.*, No. 1:17-cv-01701-AT (N.D. Ga. Sept. 11, 2020) (order certifying the settlement class and granting motion for final approval of settlement), a nationwide class action in the Northern District of Georgia involving claims that the heating, ventilation, and air conditioning (HVAC) system in certain Mercedes-Benz vehicles, including Ms. Wilson's vehicle, are defective. Mot. at 2. According to Mercedes-Benz, Ms. Wilson did not timely opt out of the settlement agreement by mailing an opt-out letter on or before July 25, 2020. *Id.* Mercedes-Benz supports this argument by pointing out that Ms. Wilson's name appears in the list of class members but does not appear on the final list of all approved class member opt-outs. *Id.*

　　　　In response, Ms. Wilson attaches to her opposition evidence that she postmarked her written request for exclusion from the *Amin* settlement agreement before the July 25, 2020 deadline. *See* Docket No. 17-3 (Req. for Judicial Notice, Ex. C ("Long-Form Settlement Notice"))

1  at 7 ("Your request [to be excluded from the Class] must be postmarked on or before July 25,
2  2020."). For example, Ms. Wilson attaches a signed and executed opt-out letter dated July 24,
3  2020, as well as a certified mail receipt indicating that she mailed the letter on that date. *See*
4  Docket No. 20-1 ("Opp'n Exs."), Exs. 1–2. She also attaches a mail return receipt indicating that
5  someone named Mark Sayers at JND Legal Administration in Seattle, Washington, received the
6  letter on August 1, 2020. *Id.*, Ex. 2. Finally, she attaches a printout of the letter's tracking history
7  from the United States Postal Service (USPS) also indicating that the letter was delivered to the
8  Seattle address on August 1, 2020. *Id.*, Ex. 3.

9  Mercedes-Benz's only response is that Ms. Wilson must have mailed the letter on July 27,
10 not July 24, because the USPS tracking history states that the letter "[a]rrived at USPS Regional
11 Facility" in "Los Angeles CA" on July 27, 2020. *See* Docket No. 21 ("Reply") at 1. But Ms.
12 Wilson lives in Palo Alto, not Los Angeles, so that statement likely means that it took the USPS
13 three days to move the letter from Palo Alto to the regional processing center in Los Angeles. At
14 the very least, there is a serious factual dispute as to whether Ms. Wilson timely postmarked the
15 opt-out letter.

16 Accordingly, because Ms. Wilson did not attach the opt-out letter, certified mail receipt,
17 mail return receipt, or USPS tracking history to her complaint, the Court hereby **GRANTS**
18 Mercedes-Benz's motion to dismiss with leave to amend so that Ms. Wilson can include this
19 evidence, and any other supporting allegations that she timely opted out of the *Amin* class action
20 settlement, in an amended complaint. Ms. Wilson is instructed to file an amended complaint no
21 later than thirty (30) days from the date of this order.

22 This order disposes of Docket No. 16.

24 **IT IS SO ORDERED**.

26 Dated: April 21, 2021

   _____
   EDWARD M. CHEN
   United States District Judge